**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.  7:20-CV- 393 |
| | § | |
| 24.934 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; AND UNITED | § | |
| IRRIGATION DISTRICT, ET. AL. | § | |
| | § | |
| *Defendants.* | § | |

---

### COMPLAINT IN CONDEMNATION

---

1.      This is a civil action brought by the United States of America at the request of the

Secretary of the Department of Homeland Security, through the Acquisition Program Manager,

Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate,

U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for

the taking of property under the power of eminent domain through a Declaration of Taking, and

for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1358.

3.      The interest in property taken herein is under and in accordance with the authority

set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in

Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being

acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.      The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.      The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.      The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.      Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:     *s/ N. Joseph Unruh*
**N. JOSEPH UNRUH**
Assistant United States Attorney
Southern District of Texas No. 1571957
Texas Bar No. 24075198
1701 W. Bus. Hwy. 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8010
Facsimile: (956) 618-8016
E-mail: Neil.Unruh@usdoj.gov

## <u>SCHEDULE A</u>

<u>AUTHORITY FOR THE TAKING</u>

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, Section 230, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

# **SCHEDULE B**

## PUBLIC PURPOSE

The public purpose for which said property is taken is to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## LEGAL DESCRIPTION

Hidalgo County, Texas

Tract:  RGV-MCS-2108
Owner:  United Irrigation District, et al.
Acres:  24.934

**BEING** a 24.934 acre (1,086,119.054 square feet) parcel of land, more or less, being out of the Jose Antonio Zamora Survey, Abstract No. 79 and the Salvador Bocanegra Survey, Abstract No. 569, Hidalgo County, Texas, being out of Porciónes 50 and 51 and being out of a called 28.85 acre tract condemned by Cameron County, Texas and Hidalgo County Water Control & Improvement District Nos. 7 and 14 by the Final Court Judgment in Cause No. CL-3059, *County of Cameron, Texas, et al v. Norton Boyd, et al*, in the County Court at Law of Hidalgo County, Texas which awarded them "all such right, title and interest" in said parcel; Subsequent merger of United Irrigation District in 1987 ORHC book 2488 page 674 records ownership change of same parcel, said 24.934 acre (1,086,119.054 square feet) parcel of land being more particularly described by metes and bounds as follows;

**BEGINNING** at a found U.S. Fish & Wildlife Service monument marking an easterly corner of the herein described proposed acquisition tract, said point being at an easterly corner of the 28.85 acre tract, the northeast corner of a called 393.361 acre tract conveyed to the United States of America by Special Warranty Deed recorded in Volume 2734, Page 698, Deed Records of Hidalgo County, Texas ("Tract 446") and an easterly corner of the river levee right-of-way conveyed to the United States of America by Easement Deed recorded in Volume 982, Page 284, Deed Records of Hidalgo County, Texas ("R/W 834-H"), said point being in the west line of a called 72.000 acre tract conveyed to the North American Butterfly Association by Special Warranty Deed recorded in Instrument No. 2002-1101852, Official Records of Hidalgo County, Texas, said point having a coordinate value of N=16589013.655, E=1027410.324, said point bears S 61°50'48" E, a distance of 1422.59 feet from United States Army Corps of Engineers Control Point No. 101;

**THENCE** S 69°48'49" W, (S 69°47'00" W, Record) departing the west line of the 72.000 acre tract, with the south line of the 28.85 acre tract, the south line of the "R/W 834-H" levee right-of- way and the north line of the 393.361 acre tract, a distance of 227.08 feet to the south corner of the 28.85 acre tract, the south corner of the "R/W 834-H" levee right-of-way and a corner of the north line of the 393.361 acre tract;

**SCHEDULE C (Cont.)**

**THENCE** N 63°48'26" W, (N 63°51'00" W, Record) with the south line of the 28.85 acre tract, the south line of the "R/W 834-H" levee right-of-way and the north line of the 393.361 acre tract, a distance of 2853.384 to the southwest corner of the 28.85 acre tract, the southwest corner of the "R/W 834-H" levee right-of-way and north west corner of the 393.361 acre tract, and the east line of a called 587.5 acre tract conveyed to the Texas State Parks Board by Deed recorded in Volume 768, Page 269, Deed Records of Hidalgo County, Texas;

**THENCE** N 08°32'34" E, (N 08°30'00" E, Record) with the west line of the 28.85 acre tract, the west line of the "R/W 834-H" levee right-of-way and the east line of the 587.5 acre tract, a distance of 840.80 feet to a found concrete Texas Parks & Wildlife Department monument for angle, said point being at the northeast corner of the 587.5 acre tract and the southeast corner of the remainder of Lot 28 of Bentsen Groves Addition "E" recorded in Volume 8, Page 5, Map Records of Hidalgo County, Texas and being the same tract of land conveyed to Horace Etchison, Trustee by Warranty Deed recorded in Volume 730, Page 377, Deed Records of Hidalgo County, Texas ("First Tract"), said point being in the west line of the 28.85 acre tract and the west line of the "R/W 834-H" levee right-of-way;

**THENCE** N 08°45'37" E, (N 08°30'00" E, Record) with the west line of the 28.85 acre tract, the west line of the "R/W 834-H" levee right-of-way and the east line of the remainder of Lot 28, a distance of 51.86 feet to a point for the northwest corner of the herein described proposed acquisition tract, said point being at the northwest corner of the 28.85 acre tract, the northwest corner of the "R/W 834-H" levee right-of-way and a northwesterly corner of a called 72.767 acre tract conveyed to the United States of America by Special Warranty Deed recorded in Volume 2734, Page 698, Deed Records of Hidalgo County, Texas ("Tract 446b"), said point being in the south line of the river levee right-of-way conveyed to the United States of America by Easement Deed recorded in Volume 982, Page 91, Deed Records of Hidalgo County, Texas ("R/W 959-H") and the east line of the remainder of Lot 28;

**THENCE** with the north line of the 28.85 acre tract, the north line of the "R/W 834-H" levee right-of-way, the south line of the "R/W 959-H" levee right-of-way and a southwesterly line of the 72.767 acre tract, the following courses and distances:

S 76°19'29" E, (S 76°21'00" E, Record) a distance of 15.99 feet to a point for angle, said point being at a westerly corner of the 72.767 acre tract, a northwesterly corner of the "R/W 834-H" levee right-of-way, a northwesterly corner of the 28.85 acre tract and the west corner of the river levee right-of-way conveyed to the United States of America by Easement Deed recorded in Volume 982, Page 93, Deed Records of Hidalgo County, Texas ("R/W 961-H");

**SCHEDULE C (Cont.)**

S 89°17'29" E, (S 89°19'00" E, Record) a distance of 99.19 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2103-1-1=2108-11" for the northeast corner of the herein described proposed acquisition tract, said point being in a southwest line of the 72.767 acre tract, the south line of the "R/W 961-H" levee right-of-way, the north line of the "R/W 834- H" levee right-of-way and the north line of the 28.85 acre tract, said point marking the beginning of a curve to the right;

**THENCE** departing the south line of the "R/W 961-H" levee right-of-way and the southwest line of the 72.767 acre tract, over and across the 28.85 acre tract and the "R/W 834-H" levee right-of-way, the following courses and distances:

   Along said curve to the right, having a radius of 760.00 feet, an arc length of 191.60 feet, a delta angle of 14°26'40" and a chord bearing of S 29°45'03" E, a distance of 191.01 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-12";

   S 22°31'43" E, a distance of 348.04 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-13", said point marking the beginning of a curve to the left;

   Along said curve to the left, having a radius of 1200.00 feet, an arc length of 874.64 feet, a delta angle of 41°45'40" and a chord bearing of S 43°24'33" E, a distance of 855.41 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-14";

   S 64°17'23" E, a distance of 532.96 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-15" for angle;

   S 63°48'44" E, a distance of 1102.55 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-16", said point marking the beginning of a curve to the left;

Along said curve to the left, having a radius of 400.00 feet, an arc length of 278.21 feet, a delta angle of 39°51'02" and a chord bearing of S 83°44'15" E, a distance of 272.64 feet to a set 5/8" rebar with a "MDS" cap stamped "RGV-MCS-2108-17" for the northeast corner of the herein described proposed acquisition tract, said point being in the east line of the 28.85 acre tract, the east line of the "R/W 834-H" levee right-of-way and the west line of the 72.000 acre tract;

**THENCE** S 08°34'42" W, (S 08°35'00" W, Record) with the east line of the 28.85 acre tract, the east line of the "R/W 834-H" levee right-of-way and the west line of the 72.000 acre tract, a distance of 204.80 feet to the **PLACE OF BEGINNING** containing 24.934 acres of land, more or less.

## SCHEDULE D

## MAP or PLAT



LAND TO BE CONDEMNED

Tract:  RGV-MCS-2108
Owner:  United Irrigation District, et al.
Acreage:  24.934

## SCHEDULE D (Cont.)



## SCHEDULE D (Cont.)



**SCHEDULE D (Cont.)**



## SCHEDULE D (Cont.)



## SCHEDULE D (Cont.)



## SCHEDULE D (Cont.)

### COORDINATE TABLE

| MONUMENT NAME | NORTHING | EASTING |
|---|---|---|
| RGV-MCS-2108-1 | 16589013.655 | 1027410.324 |
| RGV-MCS-2108-2 | 16588948.029 | 1027231.827 |
| RGV-MCS-2108-3 | 16589006.546 | 1027052.309 |
| RGV-MCS-2108-4 | 16589768.448 | 1025503.419 |
| RGV-MCS-2108-5 | 16590318.440 | 1024979.502 |
| RGV-MCS-2108-6 | 16590810.918 | 1024766.277 |
| RGV-MCS-2105-1-2=2108-7 | 16590868.231 | 1024737.926 |
| RGV-MCS-2106-9=2105-1-1=2108-8 | 16591026.246 | 1024761.662 |
| RGV-MCS-2103-1-3=2108-9 | 16591077.504 | 1024769.561 |
| RGV-MCS-2103-1-2=2108-10 | 16591073.725 | 1024785.093 |
| RGV-MCS-2103-1-1=2108-11 | 16591072.498 | 1024884.214 |
| RGV-MCS-2108-12 | 16590906.593 | 1024979.100 |
| RGV-MCS-2108-13 | 16590585.109 | 1025112.452 |
| RGV-MCS-2108-14 | 16588996.3.683 | 1025700.295 |
| RGV-MCS-2108-15 | 16589732.477 | 1026180.488 |
| RGV-MCS-2108-16 | 16589245.905 | 1027169.863 |
| RGV-MCS-2108-17 | 16589216.164 | 1027440.872 |

### Parcel Line and Curve Table

| Line/Curve | Length | Bearing/Delta | Radius | Chord Distance | Chord Bearing |
|---|---|---|---|---|---|
| (L1) | 227.08 | S69° 48' 49"W | | | |
| (L2) | 2853.38 | N63° 48' 26"W | | | |
| (L3) | 840.80 | N8° 32' 34"E | | | |
| (L4) | 51.86 | N8° 45' 37"E | | | |
| (L5) | 15.99 | S76° 19' 29"E | | | |
| (L6) | 99.19 | S89° 17' 29"E | | | |
| (C1) | 191.52 | 14.44 | 760.00 | 191.01 | S29°45'03"E |
| (L8) | 348.04 | S22° 31' 43"E | | | |
| (C2) | 874.64 | 41.76 | 1200.00 | 855.41 | S43°24'33"E |
| (L10) | 532.96 | S64° 17' 23"E | | | |
| (L11) | 1102.55 | S63° 48' 44"E | | | |
| (C3) | 278.21 | 39.85 | 400.00 | 272.64 | S83°44'15"E |
| (L13) | 204.80 | S8° 34' 42"W | | | |
| (L14) | 1422.59 | S61° 50' 48"W | | | |

NOTES:

1. THE BEARINGS, DISTANCES, AND COORDINATE VALUES SHOWN HEREON ARE BASED ON THE TEXAS STATE PLANE COORDINATE SYSTEM, REFERENCED TO NAD83(2011), TX SOUTH ZONE (4205), US SURVEY FEET, USING THE CORS(2011) ADJUSTMENT. THE DISTANCES AND COORDINATES SHOWN HEREON ARE GRID VALUES AND MAY BE CONVERTED TO GROUND (SURFACE) USING THE TXDOT COUNTY PUBLISHED COMBINED SCALE FACTOR OF 1.000040000 (E.G. GRID X 1.000040000 = SURFACE).
2. A SEPARATE METES AND BOUNDS DESCRIPTION OF EQUAL DATE WAS WRITTEN IN CONJUNCTION WITH THIS SURVEY PLAT.
3. THE SQUARE FOOTAGE TOTAL RECITED HEREIN IS BASED ON MATHEMATICAL CALCULATIONS AND SUBJECT TO THE RULES OF ROUNDING AND SIGNIFICANT NUMBERS.
4. THE REMAINING ACREAGE OF THE PARENT TRACT WAS CALCULATED FROM THE RECORDED INSTRUMENTS AND IS NOT BASED ON FIELD DIMENSIONS.
5. FIELD SURVEY COMPLETED 11/7/2018.
6. THIS SURVEY WAS PREPARED WITHOUT THE BENEFIT OF A TITLE COMMITMENT.
7. MDS LAND SURVEYING COMPANY, INC. HAS PROVIDED THESE SURVEY SERVICES TO THE CORPS OF ENGINEERS AS A SUBCONSULTANT TO B&F ENGINEERING, INC., THE PRIME CONSULTANT. THE CORPS' CONTRACTING OFFICER'S REPRESENTATIVE IS STEPHEN CORLEY, RPLS (817) 886-1143.
8. LONE STAR 811 UTILITY LOCATE REQUEST WAS SUBMITTED FOR THIS SURVEY ON XXX, 2018 (TICKET NO. xxx).

| | | | | | |
|---|---|---|---|---|---|
| Drawing Ref. No. SHEET 11 OF 12 | METES & BOUNDS SURVEY<br>HIDALGO COUNTY WATER CONTROL<br>& IMPROVEMENT DISTRICT NO. 7 & 14<br>TRACT No. RGV-MCS-2108<br>HIDALGO COUNTY          TEXAS | | |  |  US Army Corps of Engineers |

| Mark | Description | Date | App. |
|---|---|---|---|
| | | | |

| | BY | DATE |
|---|---|---|
| Drawn | LMK | 11/15 |
| Checked | LMK | 11/18 |
| Surveyor | JDB | 11/18 |
| Fld.Bk. # | 18RGVH-T1-M1 | |

CONTRACT NO.: W91275-14-D-0013  T.O.: W45XMA815779870001

TEXAS LICENSED SURVEYING FIRM<br>B&F ENGINEERING, INC.<br>NO. 10193942

ENGINEERING, INC.<br>928 AIRPORT ROAD<br>HOT SPRINGS, AR 71913<br>(PH) 501-767-2366<br>(FAX) 501-767-6669<br>(EMAIL) info@bnfeng.com

MDS PROJ. NO.   15-200-00     FILE NAME:   RGV-MCS-2108     DATE:   11/23/2018

## SCHEDULE D (Cont.)



## SCHEDULE E

### ESTATE TAKEN

Hidalgo County, Texas

Tract:  RGV-MCS-2108
Owner:  United Irrigation District, et al.
Acres:  24.934

The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

Reserving to the owners of the lands conveyed in the Final Court Judgment in Cause No. CL-3059, *County of Cameron, Texas, et al v. Norton Boyd, et al*, in the County Court at Law of Hidalgo County, Texas,  and in the Deed recorded July 28, 1992, Document Number 274443 in the Official Records of Hidalgo County, Texas, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map below;

Excepting and excluding all interests in minerals, water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

## SCHEDULE E (Cont.)



## **SCHEDULE F**

## ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is ONE HUNDRED THOUSAND DOLLARS AND NO/100 ($100,00.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

**SCHEDULE G**

**INTERESTED PARTIES**

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. See Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| **United Irrigation District**<br>1006 West Mile 2<br>Mission, TX 78574 | Declaration of Taking, Document # 1960-12626; Recorded June 28, 1960, Deed Records of Hidalgo County<br><br>Final Court Judgment in Cause No. CL-3059, *County of Cameron, Texas, et al v. Norton Boyd, et al*, in the County Court at Law of Hidalgo County, Texas |
| **Cameron County, Texas**<br>1100 East Monroe Street<br>Brownsville, TX 78520 | Declaration of Taking, Document # 1960-12626; Recorded June 28, 1960, Deed Records of Hidalgo County<br><br>Final Court Judgment in Cause No. CL-3059, *County of Cameron, Texas, et al v. Norton Boyd, et al*, in the County Court at Law of Hidalgo County, Texas |
| **M. Steven Deck**<br>**Individually, and as Executor for the Estate of Donald R. Deck**<br><br>McAllen, TX | Deed, Document # 1992-274443; Recorded July 28, 1992, Deed Records of Hidalgo County<br><br>Cause No. 22,239-C, In the Matter of the Estate of Donald R. Deck, Deceased, in the County Court at Law No. 3 of Hidalgo County, Texas |
| **Pablo Villarreal, Jr.**<br>Hidalgo County Tax Assessor-Collector<br>2804 South Business Highway 281<br>Edinburg, TX 78539 | Property Taxes |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | 24.934 Acres of Land, More of Less, Situate in Hidalgo County, State of Texas; and United Irrigation District, et. al. |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant    Hidalgo |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| N. Joseph Unruh, United States Attorney's Office, Southern District of Texas, 1701 West Bus. Hwy. 83, Ste. 600, McAllen, TX  78501 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question   *(U.S. Government Not a Party)*
- ☐ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☒ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
40 U.S.C. 3113 and 3114
Brief description of cause:
Land condemnation proceeding for fee simple interest to construct, install, operate, and maintain border security

## VII.  REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

| JUDGE _____ | DOCKET NUMBER _____ |

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
| 12/03/2020 | /s/ N. Joseph Unruh |

**FOR OFFICE USE ONLY**

| RECEIPT # _____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | MAG. JUDGE _____ |